UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNNIE HOZE,<br><br>            Petitioner,<br><br>   v.<br><br>KEN CLARK, Warden,<br><br>            Respondent. | 1:09-cv-01832-OWW-JLT HC<br><br>ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION<br>(Doc. 29) |

**PROCEDURAL HISTORY**

     Petitioner is a state prisoner proceeding through counsel with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The instant federal petition for writ of habeas corpus was filed on October 8, 2009. (Doc. 2). In his petition, Petitioner contends that the Board of Parole Hearings ("BPH") violated his federal constitutional rights by finding him ineligible for parole at his his inability to earn half-time credits based on a sentence enhancement for a prior conviction violates the plea agreement in that prior conviction. On January 11, 2010, the Court ordered Respondent to file a response. (Doc. 17). On March 15, 2010, Respondent filed an Answer to the petition. (Doc. 21). On April 12, 2010, Petitioner filed his Traverse. (Doc. 22). On February 24, 2011, following the United States Supreme Court's decision in Swarthout v. Cooke, 562 U.S. ___, ___S.Ct.___, 2011 WL 197627 (No. 10-133, Jan. 24, 2011), the Magistrate Judge issued Findings and Recommendations to summarily dismiss the petition for failure to state a cognizable federal claim.

(Doc. 24). On March 4, 2011, Petitioner, again through counsel, filed his objections to the Findings and Recommendations, in which counsel argued the precedential value of Swarthout, and contended that the High Court's decision left unanswered certain federal questions regarding decisions by the BPH that are unsupported by "some evidence." (Doc. 25). On March 24, 2011, the District Judge adopted the Findings and Recommendations, entered judgment against Petitioner, and order the Clerk of the Court to close the file. (Docs. 27 & 28). On April 12, 2011, Petitioner filed the instant document, that was entitled, in part, "Petitioner's objections to the U.S. District Judge's Adoption of the Magistrate Judge's Findings and Recommendations." (Doc. 29). The Court has construed Petitioner's filing as a motion for reconsideration because, in his prayer for relief, Petitioner asks, inter alia, that this Court reconsider its dismissal of the petition, reopen the case, and order either that BPH hold a new hearing or set a parole release date. (Id., p. 21).

## DISCUSSION

Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court. Rule 60(b) permits a district court to relieve a party from a final order or judgment on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . .; (3) fraud . . . of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied . . . or (6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b). A motion under Rule 60(b) must be made within a reasonable time, in any event "not more than one year after the judgment, order, or proceeding was entered or taken." Id.

Moreover, when filing a motion for reconsideration, Local Rule 230(j) requires a party to show the "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." Motions to reconsider are committed to the discretion of the trial court. Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C.Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See, e.g., Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D.Cal. 1986), *aff'd in part and rev'd in part on other grounds*, 828 F.2d 514 (9th Cir. 1987).

Here, Petitioner has failed to meet any of the requirements for granting a motion for

reconsideration: He has not shown "mistake, inadvertence, surprise, or excusable neglect;" he has certainly not shown either newly discovered evidence or fraud; the judgment has not been shown to be either void or satisfied; and Petitioner has not presented any other reasons justifying relief from judgment.  Moreover, pursuant to the Court's Local Rules, Petitioner has not "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."   Local Rule 230(j).

Indeed, the arguments raised in the instant motion for reconsideration are mere repetitions of the arguments Petitioner's counsel has already raised in his objections to the Magistrate Judge's Findings and Recommendations and in both the petition and the Traverse. This Court had already read, considered, and rejected those very arguments prior to adopting the Magistrate Judge's Findings and Recommendations to summarily dismiss the petition in light of <u>Swarthout</u>.  Because the motion for reconsideration provides no new evidence or circumstances that would satisfy the requirements of Rule 60(b), it must therefore be denied.

**ORDER**

Accordingly, it is HEREBY ORDERED that Petitioner's motion for reconsideration (Doc. 29), is DENIED.

IT IS SO ORDERED.

**Dated:   April 22, 2011**                    /s/ Oliver W. Wanger
                                               UNITED STATES DISTRICT JUDGE